JOINDER OF ACTIONS—MERCANTILE GUARANTY.

## HITT & DILL *vs.* CHARLES LIPPITT.

*Assumpsit: Verdict for Plaintiff, Motion in arrest of Judgment, and, if overruled, then a Motion for a New Trial.*

1. A count in tort cannot be joined with one in assumpsit.

2. But, where assumpsit is the proper remedy, a scienter is not necessary, to enable a party to recover, for false representations. Hence, the allegations of fraud and a scienter, in such a case, are mere surplusage; and will not make the count sound in tort, so as to constitute a mis-joinder with a previous count for money paid.

3. A promise, by a third person, to the drawer of a bill of exchange, that the drawee shall accept it, will enure to the benefit of an endorser for the drawer's accommodation, if communicated to him, by the promissor's authority; and will sustain an action, by the endorser, for a breach of guaranty, if the bill is not accepted.

4. In an action or such a guaranty, the endorser, having paid the bill, is entitled to recover interest.

This is an action of assumpsit, to recover on a breach of verbal warranty, by the defendant, that one William H. Smith, of Savannah, should accept a bill of exchange, drawn by Snead & Danforth, of Augusta, and endorsed by Hitt & Dill.

The facts of this case, and upon which the plaintiffs have recovered are as follows :—Snead & Danforth were merchants in Augusta, and dealing in the purchase and sale of cotton, and constituted Lippitt & Smith, under the name of William H. Smith, their factors, in Savannah; and having made several shipments of cotton, consigned to Lippitt & Smith, they drew a bill of exchange on William H. Smith, (being the style of the firm,) for three thousand three hundred dollars, which was endorsed by Hitt & Dill, and accepted by William H. Smith. But before this bill arrived at maturity, Lippitt & Smith disagreed, and dissolved their mercantile connection. And a few days before the bill was to be paid in Savannah, by Lippitt & Smith,

[Hitt & Dill vs. Lippitt.]

Lippitt came to Augusta, and had an interview with Snead, one of the partners, in relation to making a new draft, to get the money to meet the three thousand three hundred dollars, as cotton had declined in price, and it was thought best not then to force a sale.    And in this negotiation about renewing the draft, Snead informed Lippitt, that he could not ask his friends, Hitt & Dill, to endorse his draft, unless they could be assured that the bill would be accepted, by William H. Smith, on whom it was to be drawn : whereupon Lippitt assured and promised Snead & Danforth, that the bill, to be drawn by them, and to be endorsed by Hitt & Dill, should be accepted by William H. Smith, of Savannah, and authorized Snead so to state to Hitt & Dill, or language to that effect : upon which, Snead communicated this assurance to Hitt & Dill, and obtained their endorsement on the bill, in renewal of the $3,300.    And in addition to this evidence, the plaintiffs proved a written memorandum, in the hand writing of Lippitt, as follows : " Snead & Danforth, your draft on " William H. Smith, due 19–22 April, for $3,300, must be renewed " in full.    The one on L. & S. due 23–26 April, will be paid in full." And which memorandum was left by Lippitt, at the store of Hitt & Dill.    When the last bill was drawn, the Bank required a reduction of $300; and the new draft, or bill, was discounted for $3,000, and the amount applied to the payment of the $3,300 bill.    And when the bill was sent to Savannah, and presented to William H. Smith, he refused to accept it, according to Lippitt's promise, or undertaking, before stated ; and Hitt & Dill were compelled to pay the bill.    And the two bills were also in evidence before the Jury.

The defendant introduced no evidence, and took the conclusion. And before the Jury, the defendant contended that what passed, between Snead and Lippitt, did not amount to a warranty, which could bind Lippitt.   2ndly.  That if it did, it was a warranty to Snead & Danforth, and not to Hitt & Dill.    And on the part of the plaintiffs, it was contended, before the Jury, that what Lippitt had promised, to Snead & Danforth, did amount to a warranty, that Smith should accept the bill, and that the warranty was really made to Hitt & Dill, and that Snead & Danforth were merely the conduit pipe, through which the warranty passed, from Lippitt, to Hitt & Dill ; and that this warranty was the sole motive, which moved Hitt & Dill to make their endorsement, on the second bill, as Lippitt &

[Hitt & Dill *vs.* Lippitt.]

Smith were primarily liable, as acceptors on the first bill, and were good for the amount; and that the written memorandum, left by Lippitt, at the store of Hitt & Dill, was strong presumptive evidence, that there was a perfect understanding, between Hitt & Dill and Lippitt, as to the intended negotiation of the second bill. The Court charged the Jury, that if, from the evidence, they believed that what passed, between Snead & Danforth and Lippitt, was only intended to apply to Snead & Danforth, and not to extend to Hitt & Dill, then they were bound to find for the defendants. But if they believed that what had passed, between Snead and Lippitt, was intended by Lippitt, to convey the guaranty of Smith's acceptance, to them, Hitt & Dill, and that that guaranty was the moving cause, or consideration, of their endorsement, and that Snead was the conduit pipe, through which it was to pass to Hitt & Dill; that the promise of Lippitt did amount, in Law, to a warranty, that Smith should accept the bill; and he having refused to accept it, amounted to a breach of warranty, on the part of Lippitt; and in that event, they should find for the plaintiffs. And the Jury found a verdict for the plaintiffs, for the amount of the bill last drawn, with the interest.

A motion is now made to arrest the judgment, upon the ground, that the declaration contains two counts—one in assumpsit, and the second in tort; and the verdict being general, no judgment can be rendered, as tort and contract cannot be joined.

The first count in this declaration is an indebitatus count, for money paid, laid out, and expended, for the defendant, Lippitt, according to a bill of particulars, attached; and which bill of particulars briefly states the payment of the bill, and the promise of Lippitt, that Smith should accept the bill, and which was refused by Smith. The second count is contended, by defendant, to be in *tort*, and not in contract; and can only be properly understood, by giving a copy of this count, which is as follows :—" And also, for that whereas, on the " seventeenth day of April, and in the year aforesaid, at the County " aforesaid, the said Charles and one William H. Smith being the " acceptors, (as partners under the firm of William H. Smith,) of a " certain bill of exchange for the sum of three thousand three hun- " dred dollars, drawn on them by Snead & Danforth, in favor of and " endorsed by your petitioners, and which was to become due on the

[Hitt & Dill *vs.* Lippitt.]

"twenty-second day of April, in the year aforesaid, and which the "said Charles and William H. would be bound to pay; the said "Charles, fraudulently intending to deceive and defraud your peti- "tioners, and well knowing that the said William H. (whose connex- "ion in business with the said Charles, as partners as aforesaid, had "been dissolved) would not accept any other draft, in renewal of the "one before mentioned, in order to induce your petitioners to endorse "a draft for three thousand dollars, in renewal of the one first men- "tioned, then and there represented to and promised your petitioner, "that the said William H. would accept the same; and your peti- "tioners, then and there confiding in the said representation and "promise of the said Charles, then and there endorsed a draft for "three thousand dollars, drawn by Snead & Danforth, on the said "William H. bearing date the day and year in this count first men- "tioned, and payable sixty days after date, which draft was negotiated "by the drawers, and the proceeds applied to the payment of the "draft for three thousand three hundred dollars. And your petition- "ers say, that the said Charles deceived and defrauded them, in this: "that the said William H. did not, and would not, accept the said "draft for three thousand dollars, although specially requested so to "do, and the same was returned protested for non-acceptance, and "your petitioners obliged to pay the amount thereof, to wit, on the "nineteenth day of April, in the year and County aforesaid, of which "the said Charles then and there had notice. By means whereof "your petitioners lost all recourse against the said Charles and Wil- "liam H. or either of them, on either of the said drafts, and are "greatly injured and damaged; all which is to the damage of your "petitioners six thousand dollars."

And the defendants' counsel refer the Court to the following cases, in support of their position, that this is a count in tort, and not in contract:—2 *Saunders P.* 516; 2 *East,* 446; 19 *Eng. Com. L. Rep.* 45, 267; 2 *Chitty R.* 343; 18 *English Com. L. Rep.* 361; 13 *Ib.* 170; 6 *East,* 333; 3 *East,* 62; 1 *John. R.* 503. And on the part of the plaintiffs, it is admitted, that tort and contract cannot be joined; but they insist that the second count in this declaration is not in tort, but is in assumpsit; and that the facts of this case require the remedy to be in contract; and refer the Court to the following cases. And the plaintiffs further insist that the cases cited by

[Hitt & Dill vs. Lippitt.]

defendant in 3 and 6 *East*, have been overruled, by the case in 5 *Bos. & Pull.* 365. They also cite 12 *East*, 452; *Evans P.* 87; 2 *Nott & McCord R.* 543; 2 *East*, 446; 19 *English Com. L. R.* 267; 11 *John. R.* 479; 4 *Yeates R.* 109; 2 *Caine's R.* 216; 6 *John. R.* 138.

From the foregoing authorities, the Court deduces the following rules, as plainly marked out, between tort and contract, or when a case requires a remedy sounding in form ex delicto, or ex contractu. Cases, where the remedy should be ex delicto, most generally arise, where the party selling has a knowledge of some latent defect, which the purchaser cannot discover, by ordinary diligence and examination, and the seller conceals the same, from the purchaser. In such cases, the Law considers it such a fraud, as amounts to a tort; and the gist of this action is the scienter, and its concealment; and in such cases, the scienter must be averred and proven.

But, in actions sounding in form ex contractu, the causes of action must arise upon a quite different state of facts. In this class of cases, the cause of action must arise from some statement, or representation, of the party to be charged, in relation to the thing bargained for, and which is untrue, and which causes injury to the opposite party. And in this class of cases, the scienter need not be averred, or proven, or if averred, need not be proven.—(19 *Eng. Com. L. R.* 267.) And in those cases, where the matter arises from contract, and the opposite party has been injured by any representations, made by the person selling, or undertaking to perform any act, and he fails to perform such promise, or maintain his representations; then an action must be brought, sounding in form ex contractu. And in this form of action, it is not material, whether the party making the representation, knew it to be false, at the time, or not. In applying these rules to the facts of this case, as developed by the testimony, the Court is brought to the conclusion, that this case is one which sounds in contract; and therefore the action of assumpsit is the proper form of action.

But it is contended by defendant, that the second count in this declaration sounds in tort, and not in contract, and is therefore improperly joined, with the first count. The Court has examined this second count, and is brought to different conclusion, from that of defendant's counsel,

L

and the Court decides, that this count is in assumpsit, and is strictly within the rules of pleading, as laid down by our Judiciary Act of 1799, which declares, that the plaintiff shall plainly, clearly, and distinctly, set forth his cause of action. And in this count, the plaintiff's case is fully set out, except that the plaintiff has averred that Lippitt well knew, at the time that he made the warranty, that Smith would not accept the bill, to be drawn and accepted by him. This averment is but surplusage, as it was not necessary to the plaintiff's recovery; and if made, need not have been proven. In every other respect, it is a count upon the warranty, which has been broken. The Court therefore decides, that there is no mis-joinder of counts, and over-rules the motion in arrest of judgment

The next question, presented by the defendant, is a motion for a new trial. And the first ground is, "that the verdict is contrary to "evidence, inasmuch as the guaranty, alleged to have been made by "the defendant, to the plaintiffs, is not proved." This ground is involved in the question of fact, which falls within the province of the Jury. The facts were submitted to them. And the Court charged the Jury, that if they believed, from the evidence, that Lippitt's statement to Snead was intended to apply to Hitt & Dill, and was intended by Lippitt to be communicated through Snead, to them, and was the moving cause of their endorsement; then it was, in effect, a warranty to Hitt & Dill, that Smith should accept the draft, to be drawn by Snead & Danforth, on Smith; and Smith having refused to accept, according to Lippitt's promise, it did amount to a breach of warranty, on the part of Lippitt. And that plaintiffs, in such case, had a right to recover; and from the evidence, the Court sees no cause to differ from the Jury, in their finding. This ground is therefore overruled.

The second ground, taken for a new trial, is, that the verdict is contrary to Law, inasmuch as the action is brought upon an alleged contract, not liquidated, and the Jury have increased their verdict, by including therein interest, on the principal sum claimed. Upon this ground, the Court and the defendants counsel differ, upon the facts, under which the Law must be applied. The amount, for which the bill was to be drawn, was expressly agreed on by Lippitt, and Snead & Danforth, and subsequently stated by Lippitt, in his

[Hitt & Dill *vs.* Lippitt.]

written memorandum, left by him, at the store of Hitt & Dill; except that Lippitt wished the bill to be drawn for $3,300, and the Bank would not discount it, for more than $3,000. And the bill is set out, in this declaration, as a part of the cause of action, and which was agreed to and liquidated by Lippitt, both verbally and by his written memorandum; and which sum, so agreed on, he guaranteed Smith should accept for. The Court therefore decides, that this ground cannot be sustained, and that the plaintiffs are entitled to recover interest, on the bill, which was not accepted by Smith, this amount having been liquidated, between all the parties.—2 *Nott & McCord's S. C. R.* 543.

The third and last ground taken is, " that the damages are exces- " sive, for that if entitled to recover at all, the plaintiffs could only " claim of the defendant one half of the original amount of $3,000, " the other half having been accepted for, by his former partner." This last ground is also one fact, and which was submitted to the Jury; and the Court charged them, that if, from the evidence, they believed that a draft for $1,500, which was subsequently accepted by Smith, was in part performance of Lippitt's promise, then they could only find one half the amount of the $3,000 draft. And as there was evidence, that this draft was not accepted, in part performance of Lippitt's undertaking, and the Jury having found against such claim, set up by the defendant, this Court sees no ground, upon which it can say, that, in *this*, the Jury have *erred*. But on the contrary, the Court, believing that the Jury found according to the evidence before them, this last ground is also overruled, and a new trial refused.

Additional authorities quoted by defendant—1 *Chitty's P.* 231; 1 *Barn. & Cres.* 268; *Gould's P.* 215–16, 219, 437, 494. For plaintiff, 1 *Douglass R.* 17; 2 *East,* 446; *Carrington & P.* 45; 1 *Chitty's P.* 113, 154, 385.

Counsel for Plaintiffs—Messrs. A. J. & T. W. MILLER, Mr. CRAWFORD.

Counsel for Defendant—Mr. GOULD, Messrs. JENKINS & MANN.